# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| NANCY SHINABARGAR, | 3:14-cv-00072-MMD-WGC |
| Plaintiff, | **ORDER** |
| vs. | |
| BOARD OF TRUSTEES OF THE UNIVERSITY OF THE DISTRICT OF COLUMBIA, et. al. | |
| Defendants. | |

Before the court is Plaintiff's application to proceed in forma pauperis (Doc. # 1)[1] and pro se complaint (Doc. # 1-1). Also before the court is Plaintiff's request that the U.S. Marshal serve the defendants. (Doc. # 6.)

A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma pauperis, not just prisoner actions); *see also* LSR 1-1 ("[a]ny person, who is unable to prepay the fees in a civil case, may apply to the Court for authority to proceed in *forma pauperis*. The application shall be made on the form provided by the Court and shall include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities"). "'[T]he supporting affidavits [must] state the facts as to affiant's poverty with some particularity, definiteness and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (per curiam) (quoting *Jefferson v. United States*,

---

[1] Refers to court's docket number.

277 F.2d 723, 725 (9th Cir. 1960)). The litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948).

While Plaintiff's application states that she is unemployed, she indicates that she has $10,628.33 in cash or in a checking or savings account. (Doc. # 1 at 2.) Accordingly, it appears Plaintiff does have the means to pay the filing fee in this action. Therefore, Plaintiff's application to proceed in forma pauperis (Doc. # 1) is **DENIED**. Plaintiff has **THIRTY DAYS** from the date of this order to pay the filing fee. If Plaintiff fails to pay the filing fee, the district court may issue an order for dismissal of the case. The court will address Plaintiff's pending motion for leave to amend the names of three individual defendants (Doc. # 5) once Plaintiff has paid the filing fee.

Plaintiff sets forth no authority supporting her request that the U.S. Marshal serve the defendants in this action. The United States Code allows for service by the U.S. Marshal upon request by the plaintiff when a party is proceeding in forma pauperis, 28 U.S.C. § 1915, or when the plaintiff is a seaman proceeding under 28 U.S.C. § 1916. *See also* Fed. R. Civ. P. 4(c)(3). Plaintiff's application to proceed in forma pauperis has been denied; therefore, Plaintiff's request to have service effectuated by the U.S. Marshal (Doc. # 6) is likewise **DENIED**.

**IT IS SO ORDERED**.

DATED: February 18, 2014.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

2